Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EVA A. MELÉNDEZ ALVARADO, JOSÉCARLOS ORTIZ GARCÍA, JOE PÉREZ AYALA Y OTROS Peticionario v. MIREYA MERCEDES QUIÑONES FERNÁNDEZ, MUNICIPIO AUTÓNOMO DE GUAYNABO Recurrido | TA2026CE00724 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Caso Núm.: BY2025CV03714 Sobre: Daños y otros |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparecen ante esta Curia, la señora Eva A. Meléndez Alvarado, el señor Josécarlos Ortiz García, el señor Jorge Ubarri Molfulleda y la señora Johanna Morales Santos (peticionarios) y solicitan la revocación de la *Resolución y Orden* que el Tribunal de Primera Instancia, Sala Superior de Bayamón (foro primario o TPI) notificó, el 7 de mayo de 2026. Mediante el referido pronunciamiento, el foro primario denegó un petitorio sumario y dispositivo relacionado a la reconvención pendiente ante su consideración.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

La presente causa versa sobre una disputa sobre cierta obra de construcción promovida por la señora Mireya Quiñones Fernández (Sra. Quiñones Fernández o recurrida) con el propósito de agregar unidades para alquiler en su propiedad inmueble. Lo antes, presuntamente realizada sin el debido permiso y en

contravención a las condiciones restrictivas, según establecidas en la servidumbre en equidad de la Urbanización Villa Ávila, sita en el Municipio de Guaynabo. En búsqueda de remedios, los peticionarios instaron una *Petición de Sentencia Declaratoria, Injunction Preliminar y Permanente al Amparo de la Ley 161-2009,* en contra de la recurrida.[1]

La Sra. Quiñones Fernández acreditó su alegación responsiva junto a una reconvención.[2] En esta última expuso que, los peticionarios violaron la restricción al ordenamiento territorial establecida en la Escritura Núm. 226 de 19 de mayo de 1966. Ello, en la medida que, como dueños de inmuebles ubicados en la misma urbanización, realizaron ciertas obras de construcción en las colindancias, a pesar de que la Escritura Núm. 226 prohíbe que se construya a menos de quince pies de la línea de demarcación trasera de su propiedad, entre otros asuntos.

En un primer intento por lograr la desestimación de la reconvención, los peticionarios promovieron una moción al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, el 9 de octubre de 2025. En ella objetaron que se dilucidara la reconvención dentro de un proceso extraordinario de *injunction* estatutario, bajo la Ley Núm. 161-2009 del 1 de diciembre de 2009, *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec. 9011 *et seq.*, (Ley 161-2009).[3]

El 5 de noviembre de 2025, la Sra. Quiñones Fernández planteó, mediante su oposición al referido petitorio que, tomando como ciertas todas las alegaciones fácticas aseveradas en su

---

[1] Además de los peticionarios, figuran como promoventes de esta reclamación: Joe Pérez Ayala, Pedro Colton Vergé, Myriam Grinblat de Orieta, María Durán Rivera, Carol Figueroa López, María I. Muñiz Suárez, Myriam Santiago Gallardo y Denise Rivera Muñiz. Entrada Núm. 1 en el Sistema Unificado de Manejo y Administración de Casos del Poder Judicial (SUMAC-TPI), Entrada Núm. 1. Lo antes fue objeto de enmienda, el 21 de julio de 2025. Entrada Núm. 12.

[2] Entrada Núm. 38 y Núm. 43.

[3] Entrada Núm. 45.

reconvención, no procede desestimarla en esta etapa de los procesos. Resaltó que, los remedios que solicitó en su reconvención se presentaron como parte de una solicitud de sentencia declaratoria y no al amparo de la Ley Núm. 161-2009, *supra*.[4]

Justipreciadas las posturas de las partes, el foro primario declaró no ha lugar el petitorio dispositivo y ordenó a los peticionarios acreditar su réplica a la reconvención.[5]

Así las cosas, los peticionarios instaron una *Moción en Cumplimiento de Orden con Respecto a la Contestación a la Reconvención y Solicitud de Autorización para Desistir de la Petición y de que, Se Ordene el Sobreseimiento del Pleito*.[6] Allí, solicitaron el desistimiento de la causa principal basado en que, la Oficina de Permisos del Municipio de Guaynabo denegó la consulta de construcción presentada por la Sra. Quiñones Fernández ante el referido ente municipal (caso núm. 2023-521575-CCO-015181). Además, los peticionarios argumentaron que procedía atender el sobreseimiento de la reconvención, sin perjuicio, como resultado del desistimiento de la demanda principal. Cabe señalar que, junto a la referida moción, los peticionarios anejaron su *Contestación a La Reconvención.* En ella, negaron las alegaciones y consignaron sus defensas afirmativas.

En atención a lo antes, el TPI ordenó a la Sra. Quiñones Fernández informar si estaba dispuesta a desistir sin perjuicio de la reconvención y mediante *Moción en cumplimiento de orden*[7] presentada el 7 de enero de 2026, la recurrida contestó en la negativa. En su consecuencia, el TPI dictó una *Sentencia Parcial,* mediante la cual, archivó la demanda principal. Sin embargo,

---

[4] Entrada Núm. 48.
[5] Entrada Núm. 49.
[6] Entrada Núm. 52.
[7] Entrada Núm. 56.

autorizó la continuación de los procesos en cuanto a la reconvención instada.[8]

Superado lo anterior y atinente al recurso ante nos, los peticionarios instaron una *Solicitud de Desestimación o de Sentencia Sumaria de la Reconvención Basada en las Doctrinas de Impedimento Judicial (Judicial Estoppel) y Actos Propios.*[9] En su petitorio sumario acreditaron ocho hechos incontrovertidos y argumentaron que la reconvención está vedada por la doctrina de judicial estoppel, debido a que la recurrida adoptó posturas opuestas en el mismo procedimiento y contrarias a sus propios actos. Para sustentar su postura incluyeron los siguientes documentos: (1) Resolución emitida por el Municipio de Guaynabo, Permisos Urbanísticos de 15 de diciembre de 2025; (2) Resumen de Proyectos radicado el 15 de enero de 2026; (3) Memorial Explicativo; y (4) Escritura Núm. 226 de 19 de mayo de 1966.

A lo antes, se opuso la recurrida.[10] En su comparecencia, admitió los hechos propuestos números 2 al 8, no así el número 1.[11] En cuanto a la doctrina de *judicial estoppel* o actos propios, la Sra. Quiñones Fernández planteó que, la reconvención versa sobre una solicitud de sentencia declaratoria y condiciones restrictivas creadas bajo la Escritura Núm. 226, que no están ante la consideración de la Oficina de Permisos del Municipio de Guaynabo, por lo que no procedía adjudicar la reconvención por la vía sumaria como cuestión de derecho.

Evaluadas las posturas de las partes, incluyendo la réplica a la referida oposición al petitorio sumario, el TPI notificó la *Resolución y Orden* recurrida en la cual dispuso lo siguiente: "Atendidas la

---

[8] Entrada Núm. 58.
[9] Entrada Núm. 63.
[10] Entrada Núm. 65.
[11] Al controvertir el hecho propuesto núm. 1, la recurrida sustentó su posición en oposición a lo consignado por los promoventes de la solicitud de sentencia sumaria haciendo referencia a su *Contestación a Demanda y Reconvención.*

moción de desestimación de la reconvención, al igual que la oposición y réplica, se provee no ha lugar a la desestimación solicitada."[12] Así, ordenó la continuación de los procesos.

Insatisfechos, los peticionarios acuden ante esta Curia y señalan la comisión de los siguientes errores:

> Erró el TPI al denegar la solicitud de sentencia sumaria presentada por los Reconvenidos Recurrentes mediante una Resolución y Orden que no contiene determinaciones de los hechos que no están en controversia ni conclusiones de derecho en abierta violación a la obligación que establece la Regla 36.4 de Procedimiento Civil y la jurisprudencia del Tribunal Supremo que ha interpretado dicha Regla y fijado las obligaciones que tienen los tribunales de instancia en la resolución que deniega una solicitud de sentencia sumaria.

> Erró el Tribunal de Primera Instancia al Denegar la Solicitud de Sentencia Sumaria sin expresar razón alguna, con lo cual descartó el impedimento que tiene la Reconviniente para presentar la Reconvención bajo las doctrinas de impedimento judicial (judicial estoppel) y actos propios, que impiden la presentación por una parte de posiciones contradictorias ante el mismo Foro o ante foros legales distintos.

En atención a lo antes emitimos una *Resolución,* el 9 de junio de 2026, ordenando a la recurrida a exponer su posición. Transcurrido mayor término al concedido para acreditar su postura sobre el recurso instado, la parte recurrida no ha comparecido. En su consecuencia y, según advertido, procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la

---

[12] Entrada Núm. 75.

facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**B. Sentencia Sumaria**

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Conklin y otros v. Passalacqua y otros,* 2026 TSPR 18, resuelto el 24 de febrero de 2026.[13] Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales, no hay duda sobre los hechos esenciales y existe evidencia que los apoya, de manera que, solo

---

[13] Véase, además, *Batista Valentín v. Sucn. De José Enrique Batista Valentín y otros,* 2025 TSPR 93, resuelto el 1 de octubre de 2025.

resta aplicar el derecho. *Negrón Castro y otros v. Soler Bernardini y otros,* 2025 TSPR 96, resuelto el 6 de octubre de 2025. Este cauce sumario -invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Conklin y otros v. Passalacqua y otros,* supra; *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros,* 2025 TSPR 78, resuelto el 5 de agosto de 2025. En cuanto a los requisitos de forma con los cuales la parte promovente de una solicitud de sentencia sumaria debe cumplir, la Regla 36.3(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a) establece los siguientes: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6)

el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

De otra parte, quien desafía una moción de sentencia sumaria, no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón,* 204 DPR 20, 43 (2020). La Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a dicha parte a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho. *León Torres v. Rivera Lebrón,* supra. A esos efectos, el promovido deberá detallar y sustentar, con evidencia sustancial, los hechos materiales que pretende controvertir y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3(d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(d). *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún

supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera

Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Por su parte, la Regla 36.4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, impone al foro de instancia unas obligaciones al denegar total o parcialmente una solicitud de sentencia sumaria:

> [s]i en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

Conforme a la normativa aplicable, los foros apelativos nos encontramos en igual posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una solicitud de sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Por ello, estamos llamados a revisar el expediente *de novo* y acreditar que las partes cumplieron con los requisitos de forma dispuestos en la Regla 36 de Procedimiento Civil, *supra,* y en su jurisprudencia interpretativa. *Negrón Castro y otros v. Soler Bernardini y otros,* supra. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Íd.*

**III.**

En su recurso, los peticionarios imputan al foro primario haber incidido al denegar su petitorio sumario mediante un

dictamen que no cumple con los requerimientos de la Regla 36.4 de Procedimiento Civil, *supra.* Como segundo señalamiento, arguyen que el TPI erró al descartar que la recurrida está impedida de instar una reconvención, a tenor de las doctrinas de impedimento judicial y actos propios.

Habiendo entendido sobre los referidos señalamientos a la luz de la normativa antes discutida, expedimos el auto solicitado y revocamos la resolución recurrida. Es nuestro criterio que, en la presente causa, el Tribunal de Primera Instancia se apartó de la norma a la cual se ajusta la adjudicación de la controversia que se plantea. Tal y como propone la parte peticionaria corresponde dirimir el petitorio conforme la Regla 36 de las Reglas de Procedimiento Civil, *supra* según se desprende de la propia solicitud pendiente ante su consideración. Puntualizamos que, la moción dispositiva que instaron los peticionarios y que fue objeto de adjudicación en la *Resolución y Orden* recurrida, está intitulada *Solicitud de Desestimación o de Sentencia Sumaria de la Reconvención Basada en las Doctrinas de Impedimento Judicial (Judicial Estoppel) y Actos Propios.* A pesar de que su título menciona dos mociones, realmente se trata de una solicitud de sentencia sumaria que no ha sido atendida por el foro primario.[14]

En conformidad con lo anterior y al amparo de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no podemos sino expedir el auto solicitado y revocar la resolución recurrida. Nos explicamos.

Como se sabe, la moción de desestimación y la solicitud de sentencia sumaria son mecanismos procesales dispositivos distinguibles, que operan en etapas distintas del proceso y están regulados por normas reglamentarias particulares. En lo que

---

[14] Como se sabe, en nuestro ordenamiento jurídico se ha establecido que, "el título no hace la cosa". *Colón Ortiz v. Asoc. Cond. B.T. I*, 185 DPR 946, 968 (2012).

respecta a una moción de desestimación, instada al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, esta debe presentarse en una etapa temprana de los procesos, cuando no ha dado inicio el descubrimiento de prueba, y previo a que la parte demandada haya contestado la demanda. Mientras que, la solicitud de sentencia sumaria está regulada por la Regla 36 de Procedimiento Civil, *supra*, y se presenta luego de iniciado el descubrimiento de prueba, de manera que, la parte promovente obtenga prueba documental que le sirva para establecer los hechos materiales incontrovertidos que propone.

En la causa de epígrafe, los peticionarios previamente intentaron la desestimación de la reconvención al amparo de la Regla 10.2, *supra* y no prevalecieron. En esta ocasión, incluyeron en la moción dispositiva en cuestión ocho propuestas de hechos incontrovertidos y referencia a los documentos que los sustentan. Incluso, al oponerse a dicho petitorio, la recurrida admitió siete de las ocho propuestas de hechos incontrovertidos e hizo referencia al documento en el cual apoya la controversia identificada.

En consideración a lo antes expuesto, no cabe duda de que la moción dispositiva que el foro primario adjudicó mediante el pronunciamiento recurrido es realmente una solicitud de sentencia sumaria. De manera que, incidió el TPI al no reconocer la naturaleza de la solicitud ante su consideración y atenderla sin cumplir con los criterios que establece la Regla 36.4 de Procedimiento Civil, *supra.* En particular, sin resolver concretamente cuáles hechos materiales están en controversia y cuáles están incontrovertidos, a modo de viabilizar su revisión judicial y de cumplir con la normativa aplicable. El primer error señalado se cometió.

En virtud de lo anterior, y debido a que no estamos atendiendo esta causa en sus méritos, nos abstendremos de intervenir con el segundo error imputado. A esos efectos, devolvemos el asunto al foro

primario para que evalúe y adjudique la *Solicitud de Desestimación o de Sentencia Sumaria de la Reconvención Basada en las Doctrinas de Impedimento Judicial (Judicial Estoppel) y Actos Propios* como un petitorio sumario, a tenor de la Regla 36.4 de Procedimiento Civil, *supra*, así como las mociones acreditadas en reacción a esta.

**IV.**

Por las razones expuestas, expedimos el auto de *certiorari* y revocamos la *Resolución y Orden* recurrida. Devolvemos el caso al foro primario para la continuación de los procesos, de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones